UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re

Eugenia L Cannavo

           CHAPTER    11
           CASE NO.    13-31138-PGH

    Debtor(s)
_____/

## RESPONSE BY WELLS FARGO BANK, N.A. TO DEBTOR(S)' OBJECTION TO CLAIM (DOC. NO. 111)

WELLS FARGO BANK, N.A. ("Creditor"), responds to the Objection to Claim (Doc. No. 111) filed by the Debtor[1] and states:

1.    On September 3, 2013, the Debtor filed a Petition under Chapter 13.

2.    On January 22, 2014, Creditor filed its Proof of Claim (Claim #8-1), which sets forth, among other things, prepetition arrears due and owing on the loan account.

3.    On April 3, 2014, this Court granted Debtor's motion to convert this case to a case under Chapter 11.

4.    On August 18, 2014, Creditor filed its Amended Proof of Claim (Claim #8-2) for the pre-petition and pre-conversion mortgage debt owed by the Debtor.  The Claim sets forth a total secured Claim amount of $1,182,631.10 and an arrearage amount of $364,519.37.

5.    Debtor has filed an Objection to the Claim and seeks to disallow Creditor's Claim in part. The Objection to Claim indicates that the figures contained therein do not match with the Debtor's books and records and do not match with the Final Judgment of Foreclosure.

6.    The Debtor's Objection seeks relief that is not available under the Bankruptcy Code. Section 502(a) provides that a Claim is "deemed allowed" upon filing unless a party in

interest objects and a valid claim constitutes prima facie evidence of the validty and amount of the debt pursuant to Rule 3001(f). Section 502(b) provides the exclusive list for valid grounds to object to a Proof of Claim. The Debtor does not list any of the enumerated grounds under §502(b) in her Objection to Claim, and Creditor would assert that no valid grounds exist.

7.  Additionally, The Debtor's Objection to Claim does not state with any specificity which amounts listed in the Proof of Claim the Debtor finds objectionable and therefore, the Debtor has not met her burden in rebutting the prima facie validity of the Claim. Creditor cannot adequately respond to the Debtor's Objection as a result.

8.  For the reasons stated herein, the Debtors' Objection should be overruled and the claim allowed as filed.

**Certification as to Admission to the Southern District Bar**

I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1(A).

/s/ Matt Holtsinger
Matt Holtsinger
Kass Shuler, P.A.
P.O. Box 800
Tampa, FL 33601
Phone: (813) 229-0900 Ext. 1465
Fax:   (813) 229-3323
mholtsinger@kasslaw.com
Florida Bar No. 092774

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY THAT a true and correct copy of the foregoing was furnished on December 5, 2014, by U.S. Mail and/or electronic mail via CM/ECF to: Eugenia L Cannavo, 700 Ocean Royale Way, Apt. 903, Juno Beach, FL 33408; Joseph P Cannavo at his/her place of abode, 700 Ocean Royale Way, Juno Beach, FL 33408; Michael A Kaufman, Esq.1655 Palm Beach Lakes Blvd #1012, West Palm Beach, FL 33401; Robin R. Weiner, Trustee, P.O. Box 559007, Ft. Lauderdale, FL 33355 and all parties in interest on the attached matrix pursuant to Local Rule 1007-2 and, if applicable, F.R.B.P. 1007(d), 2002; and 4001(d).

                                                        /s/ Matt Holtsinger
                                                        Matt Holtsinger (x1465)

1009055B/jsm1