

**ORDERED in the Southern District of Florida on December 23, 2014.**

Paul G. Hyman, Jr.
Chief United States Bankruptcy Judge

___

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                                                 Case No.: 13-31138-PGH
                                                                            Chapter 11
Eugenia L. Cannavo,

_____Debtor_____/

**ORDER CONFIRMING DEBTOR'S SECOND AMENDED PLAN OF
REORGANIZATION [D.E. 115]**

**THIS MATTER** came before the Court for hearing on December 23, 2014 at 9:30 am to consider confirmation of debtor, Eugenia L. Cannavo's (the "**Debtor**") *Second Amended Plan of Reorganization* (the "**Plan**") [D.E. 115]. The Court, having considered the Plan, the exhibits submitted at the Confirmation Hearing, Debtor's counsel's representations made at the Confirmation Hearing, and hearing argument of counsel, makes the following findings of fact and conclusions of law:

1

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

A. Adequate and sufficient notice, as required pursuant to the Bankruptcy Rules and the Court's *Order (I) Approving Disclosure Statement; (II) Setting Hearing on Confirmation of Plan; (III) Setting Hearing on Fee Applications; (IV) Setting Various Deadlines; and (V) Describing Plan Proponent's* [D.E. 119], was provided to all known creditors, equity security holders, the Office of the U.S. Trustee, and other parties in interest of: i) the Plan and Disclosure Statement; ii) the deadline to file and serve objections to Confirmation of the Plan; iii) the deadline for voting on the Plan; and iv) the hearing on final approval of the Confirmation of the Plan.

### JURISDICTION AND VENUE

B. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b). Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

### 11 U.S.C. § 1129(a)(1)

A. The Plan complies with the applicable provisions of the Bankruptcy Code with respect to all Classes of Claims and Interests under the Plan and, therefore, the provisions of 11 U.S.C. § 1129(a)(1) have been satisfied.

### 11 U.S.C. § 1129(a)(2)

B. The Debtor, the proponent of the Plan, has complied with the applicable provisions of the Bankruptcy Code. Accordingly, the requirements of 11 U.S.C. § 1129(a)(2) have been satisfied.

### 11 U.S.C. § 1129(a)(3)

C. The Plan has been proposed in good faith and not by any means forbidden by law. Accordingly, the requirements of 11 U.S.C. § 1129(a)(3) have been satisfied.

### 11 U.S.C. § 1129(a)(4)

D. All payments made, required or promised by the Debtor or by any other person for services or for costs and expenses in, or in connection with, the Plan and incident to this case, have been fully disclosed to the Court and are reasonable, or, if to be fixed after confirmation of the Plan, will be subject to approval of the Court. Accordingly, the requirements of 11 U.S.C. § 1129(a)(4) have been satisfied.

### 11 U.S.C. § 1129(a)(5)

E. No disclosures are required pursuant to 11 U.S.C. § 1129(a)(5) since no individual will be serving as a director, officer, or voting trustee of the Debtor and no insider is being employed or retained by the Reorganized Debtor. Accordingly, the requirements of 11 U.S.C. § 1129(a)(5)(A) & (B) have been satisfied.

### 11 U.S.C. § 1129(a)(6)

F. No governmental regulatory commission has jurisdiction over the rates of the Reorganized Debtor. Accordingly, 11 U.S.C. § 1129(a)(6) is not applicable.

### 11 U.S.C. § 1129(a)(7)

G. The Plan treats Classes 2 and 9 as Impaired. Class 9 members have voted in favor of the Plan and have accepted the Plan.

H. With each Impaired Class of Claims or Interests, each holder of an Interest or Claim has either accepted the Plan, or will receive or retain, under the Plan on account of such claim or interest, property of a value, as of the Effective Date of the Plan, that is not less than the amount that such holder would receive or retain if the Debtor were liquidated under Chapter 7 of the Bankruptcy Code on such date. Accordingly, the requirements of 11 U.S.C. § 1129(a)(7) have been satisfied with respect to each Impaired Class of Claims or Interests.

### 11 U.S.C. § 1129(a)(8)

I. The Debtor has solicited acceptances of the Plan in good faith and in compliance with the applicable provisions of Chapter 11. Several Class 9 members are Impaired and have accepted the Plan. Accordingly, the requirements of 11 U.S.C. § 1129(a)(8) have been satisfied

with respect to each Class of Claims or Interests. *See* 11 U.S.C. § 1129(b)(1).

### 11 U.S.C. § 1129(a)(9)

J.  The Plan provides that each holder of an Allowed Priority Tax Claim shall receive deferred cash payments over a period not to exceed five years following the Order for Relief, of a value, as of the Effective Date of the Plan, equal to the amount of the Allowed Priority Tax Claim, except to the extent that a holder of an Allowed Priority Tax Claim under section 507(a)(8) of the Code has been paid by the Debtor prior to the Effective Date or agrees to a different treatment.

K.  Notwithstanding anything in the Plan to the contrary, all Professional Fees and Expenses that are awarded by the Court shall become Allowed Administrative Claims and shall be paid in full in Cash on the later of the Effective Date of the Plan, the date on which such Professional Fees and Expense Claim becomes an Allowed Administrative Claim by Final Order of the Court or as soon thereafter as is reasonably practicable.

L.  Accordingly, the requirements of 11 U.S.C. § 1129(a)(9) have been satisfied.

### 11 U.S.C. § 1129(a)(10)

M.  The Plan treats Classes 2 and 9 as Impaired. Several Class 9 members have voted in favor of the Plan and have therefore accepted the Plan. Accordingly, the requirements of 11 U.S.C. § 1129(a)(10) have been satisfied with respect to one Impaired Class of Claims accepting the Plan, not including acceptance of the Plan by any Insiders.

### 11 U.S.C. § 1129(a)(11)

N.  The Plan is feasible based on, among other things, the funds to be used to make cash payments under the Plan shall derive from the income of the Debtor and/or Debtor's spouse.

O.  Prior to Confirmation, the Debtor deposited the funds necessary to make the cash payments into Michael A. Kaufman, P.A.'s trust account to be used to make the first month's Plan payment. Thus, confirmation of the Plan is not likely to be followed by any further liquidation, or the need for further financial reorganization, of the Debtor or any

successors to the Debtor under the Plan, except to the extent proposed in the Plan. Accordingly, the requirements of 11 U.S.C. § 1129(a)(11) have been satisfied.

### 11 U.S.C. § 1129(a)(12)

P.      The Plan provides for payment in full of all U.S. Trustee fees payable under 28 U.S.C. § 1930 and all fees payable under Section 1930 of Title 28. To the extent any fees remain due and owing, they will be paid on the Effective Date of the Plan. Accordingly, the requirements of 11 U.S.C. § 1129(a)(12) have been satisfied.

### 11 U.S.C. § 1129(a)(13)

Q.      The Debtor has no retirement plan upon which an entity or individual is entitled to payments from the Debtor for the purpose of providing or reimbursing payments for retired employees and their spouses and dependents, for medical, surgical, or hospital care benefits, or benefits in the event of sickness, accident, disability, or death. Thus, the Debtor has no obligation to provide such benefits. Accordingly, the requirements of 11 U.S.C. § 1129(a)(13) have been satisfied.

### 11 U.S.C. § 1129(a)(14)

R.      The Debtor is not required by a judicial or administrative order, or by statute, to pay a domestic support obligation. Accordingly, the requirements of 11 U.S.C. § 1129(a)(14) have been satisfied.

### 11 U.S.C. § 1129(a)(15)

S.      11 U.S.C. § 1129(a)(15) does not apply to this case since no holder of an allowed unsecured claim objected to the Confirmation of the Plan. Accordingly, 11 U.S.C. § 1129(a)(15) is not applicable.

### 11 U.S.C. § 1129(a)(16)

T.      11 U.S.C. § 1129(a)(16) does not apply to this case because this provision applies to nonprofit corporation and trusts. Accordingly, 11 U.S.C. § 1129(a)(16) is not applicable.

### Oral Findings Incorporated by Reference

U. The Court's oral findings of fact and conclusions of law announced on the record at the Confirmation Hearing on December 23, 2014 are incorporated by reference herein.

### Requirements for Confirmation Satisfied

V. All of the requirements for Confirmation under 11 U.S.C. § 1129 have been satisfied. Confirmation of the Plan is in the best interests of the Estate, its creditors, its equity security holders, and all other parties in interest.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

1. The Plan is **CONFIRMED** and **APPROVED** in all respects.

2. Any objections to Confirmation not withdrawn or otherwise addressed in this Order are expressly **OVERRULED**.

3. This Order shall operate to set a bar date for holders of administrative claims to submit a request for payment of administrative expenses, which bar date shall be thirty (30) days after the entry of this Order (the "**Administrative Claims Bar Date**"). Claimants holding administrative claims against the Debtor not paid on the Effective Date may submit a request for payment of administrative expenses on or before such bar date.

4. The treatment of the holders of Claims within Classes 1 through 9 is provided under the Plan Documents as follows.

### Unclassified Claims

Holders of Allowed Administrative Expense Claims shall receive the treatment set forth in Article 3 of the Plan.

### Unclassified Claims

As provided in Bankruptcy Code §1123(a)(1), Administrative Claims and Priority Tax Claims are not classified for purposes of voting on, or receiving distributions under, this Plan. Holders of Administrative Claims and Priority Tax Claims are not entitled to vote on this Plan but, rather, are treated separately in accordance with this Plan and under Bankruptcy Code §1129(a)(9)(A).

### Allowed Administrative Claims

Each Allowed Administrative Claim (other than a Preserved Ordinary Course Administrative Claim or Professional Fee Claim) will be paid in full in Cash (or otherwise satisfied in accordance with its terms) on the latest of: (a) the Effective Date, or as soon after that date as practicable; (b) any date the Bankruptcy Court may fix, or as soon after that date as practicable; (c) 30 days after the Claim is Allowed; and (d) any date on which the holder of the Claim and the Debtor agreed in writing.

Allowed Priority Tax Claims. Any Allowed Priority Tax Claim will be paid in full in Cash on the later of the Effective Date (or as soon after that date as practicable) and 30 days after the Claim is Allowed, but the Debtor or Reorganized Debtor may elect to pay any Allowed Priority Tax Claim through regular installment payments in Cash of a total value, as of the Effective Date, equal to the Allowed amount of the Claim, over a period ending not later than five years after the Petition Date, and in a manner not less favorable than the most favored General Unsecured Claim provided for by this Plan. If the Debtor or Reorganized Debtor so elect, the installment payments will be made in equal quarterly installments of principal plus simple interest on the unpaid portion of the Allowed Priority Tax Claim accruing from the Effective Date at the rate of six percent per year. The first payment will be made on the latest of: (a) the Effective Date, or as soon after that date as practicable; (b) 30 days after the Claim is Allowed, or as soon after that date as practicable; and (c) another date on which the holder of the Claim and the Debtor or Reorganized Debtor agree. Debtor and Reorganized Debtor, as the case may be retains the right to prepay any Allowed Priority Tax Claim, or any remaining balance of such a Claim, in full or in part, at any time on or after the Effective Date without premium or penalty.

Professional Fee Claims. Each Allowed Professional Fee Claim will be paid in full in Cash: (a) no later than three days after the Professional Fee Claim is Allowed; (b) on any other terms the holder of an Allowed Professional Fee Claim and the Debtor or Reorganized Debtor may agree; or (c) in accordance with the terms of any applicable administrative procedures order entered by the Bankruptcy Court.

Class 1: Priority Claims

Class 1 consists of all Priority Claims. Each Holder of an Allowed Priority Claim shall be paid (a) on the Effective Date, an amount, in Cash by the Reorganized Debtor equal to the Allowed Amount of its Priority Claim, in accordance with Section 1129(a)(9)(B) of the Bankruptcy Code, (b) as otherwise agreed to by the Debtor and the Holder of an Allowed Priority Claim, or (c) as otherwise ordered by a Final Order of the Bankruptcy Court.

Class 1 is Unimpaired.

Class 2: Secured Claim of Wells Fargo Bank, N.A.

Class 2 consists of the Secured Claim of Wells Fargo Bank, N.A., holder of the first priority lien and mortgage secured by property located at 700 Ocean Royale Way, Apt. 903, Juno Beach, Florida 33408, having the legal description:

Condominium Unit No. S-903, South Building, Ocean Royal Condominium, a Condominium, according to the Declaration of Condominium thereof, as recorded in Official Records Book 11780, at Page 794, and all amendments thereto, of the public Records of Palm Beach County, Florida;

and the parcel ID 38-43-44-21-15-205-0120. This property is a homestead property. The Holder of the Allowed Class 2 Secured Claim of Bank 1 shall be paid in full.

The Debtor upon Confirmation will make the actual monthly mortgage payment of $6,487.68 per month and the arrearage which includes pre-petition and post-petition payments inclusive of all costs of $5,230.45 over 59 months on the Effective Date of the plan. The total arrearage as of December 1, 2014 is $388,596.82. The total monthly payment for month 1 through 59 will be $11,718.13 per month to Wells Fargo on the Effective Date of the Plan. On month 60 the Debtor will make a balloon payment of $80,000.00 in the final month to Wells Fargo which will be provided by Debtor's spouse. The Debtor is allowed to prepay any amount at any time without penalty and seek a discharge. Once all the foregoing payments are completed the mortgage with Wells Fargo will be deemed current and the Debtor will make regular payments pursuant to the note for the remaining period.

Class 2 is impaired.

    Class 3: Intentionally left blank

    Class 4: Intentionally left blank

    Class 5: Intentionally left blank

    Class 6: Intentionally left blank

    Class 7: Intentionally left blank

    Class 8: Intentionally left blank

    Class 9.

Consists of all Unsecured Claims against the Debtor not otherwise classified in the Plan. The Holders of the allowed Unsecured Claim in Class 9 shall receive 30% of all Allowed Claims in the amount of $41,450.62 and will be paid over prorated share over 60 months in the amount of $690.84 pro rata per month. These creditors also include, but not limited to Claim No. 1 for $5,247.98 of the Internal Revenue Service for the unsecured portion of its claim, Claim No. 2 for $2,194.60 of Wells Fargo Bank, N.A., Claim No. 3 for $1,366.37 of Quantum3 Group LLC as agent for Comenity Capital Bank, Claim No. 4 for $9,972.95 of American Express Bank FSB, Claim No. 5 for $7,997.32 of Portfolio Recovery Associates, LLC, Claim No. 6 for $132.39 of GE Capital Retail Bank, Claim No. 7 for $1,211.91 of GE Capital Retail Bank, Claim No. 9 for $9,972.95 of American Express Bank, FSB (disputed claim)[1], and Claim No. 10 for $31,878.21 of American Express Bank, FSB. These creditors also include those that have not filed a proof of claim but are listed on Debtor's Schedule F, including Bank of America for a Credit Card for the account number ending 3771 for $737.00, Bank of America for a Credit Card for the account number ending 8785 for $953.00, Bank of America for a Credit Card for the account number ending 1142 for $17,966.00, Chase Bank USA, NA for a Credit Card for the account number

---

[1] This claim is disputed as duplicative, and is not being included in the Claim Total.

ending 0840 for $22,168.00 (disputed claim)[2], Chase Bank USA, NA for a Judgment in Westchester County, NY for $23,340.00, Citibank, N.A. for a Judgment in Westchester County, NY for $27,965.00, CloseMyTimeShare.com for a Time Share Deficiency for the account number ending 2928 for $5,641.44 (disputed claim)[3], FIA CSNA for a Credit Card for the account number ending 4181 for $2,832.00, First Revenue Assurance for $780.00, Mark L. Nichter, P.C. for Collection for Greenwich Hospital for account number ending 3804 for $1,400.00, and WF Fin Bank for a Credit Card for the account number ending 3666 for $2,194.00. These are only claims that filed a proof of claim and allowed, all others will be barred for collection from the Debtor forever, unless the Debtor has not listed the claim as disputed, contingent, or unliquidated. The Debtor can prepay without penalty.

Class 9 is impaired.

8. The Findings of Fact and Conclusions of Law set forth above shall constitute findings of fact and conclusions of law of this Court pursuant to Bankruptcy Rule 7052. To the extent any finding of fact later shall be determined to be a conclusion of law it shall be so deemed, and to the extent any conclusion of law later shall be determined to be a finding of fact it shall be so deemed.

9. Notice was adequate and sufficient under the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and Orders of this Court, and the Due Process Clause of the United States Constitution.

10. The appointment of the Debtor as the Disbursing Agent (the "**Disbursing Agent**") is hereby approved and may serve without bond. The Disbursing Agent shall be a "representative of the estate" pursuant to 11 U.S.C. § 1123(b)(3)(B) for purposes of (i) commencing, continuing or completing any claim objections; or (ii) commencing, continuing or completing any adversary proceeding or contested matter. The funds to be utilized to pay Allowed Claims under the Plan will be deposited in an account designated by the Disbursing Agent for the sole purpose of making such payments until all Allowed Claims have been paid in accordance with the Plan.

11. The Reorganized Debtor is authorized and directed to take all actions necessary or

---

[2] This claim is disputed as duplicative, and is not being included in the Claim Total.
[3] This claim is disputed, as the Debtor has provided a deed-in-lieu to Creditor, which would satisfy any claim the Creditor has against the Debtor, and is not being included in the Claim Total.

appropriate to enter into, implement, and consummate the contracts, instruments, releases, settlements, and other agreements or documents created in connection with the Plan.

12. Any and all executory contracts and unexpired leases not assumed by the Debtor or pending before this Court to be assumed by the Debtor on or before the Confirmation Date by order of the Court or by this Order are **REJECTED**.

15. Any party to a contract or lease rejected pursuant to this Order with a claim for rejection damages may file a claim within thirty (30) days from entry of this Order and serve a copy on the Debtor's counsel. The Debtor shall have thirty (30) days from receipt thereof to file an objection to such claim.

16. Such documents that may be necessary or appropriate to effectuate the Plan are **APPROVED**.

17. Unless otherwise provided in the Plan or this Order, all injunctions or stays provided for in the Bankruptcy Case under sections 105 or 362 of the Bankruptcy Code or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the Effective Date.

18. Any and all transfers of property, made pursuant to the Plan, and the subsequent sale or transfer of those assets by the Debtor for the benefit of creditors pursuant to the Plan shall not be taxed under any law imposing a stamp tax or similar tax pursuant to 11 U.S.C. § 1146.

21. Under Sections 105(a) and 1142 of the Bankruptcy Code, and notwithstanding entry of this Order and occurrence of the Effective Date, and except as otherwise ordered by the Court, the Court shall retain exclusive jurisdiction over all matters arising out of, and related to, the Bankruptcy Case and the Plan to the fullest extent permitted by law.

22. The Debtor shall pay the United States Trustee the appropriate sum required pursuant to 28 U.S.C. § 1930(a)(6) through Confirmation on the Effective Date. The Reorganized Debtor shall further pay the United States Trustee the appropriate sum required pursuant to 28 U.S.C. § 1930(a)(6) for post-confirmation periods within the time periods set

forth in 28 U.S.C. § 1930(a)(6), until the earlier of the closing of this Case by the issuance of a Final Decree by the Court, or upon the entry of an order of this Court dismissing this Case, or converting this Case to another chapter under the Code, and the Debtor shall provide to the United States Trustee upon the payment of each post-confirmation payment an appropriate affidavit indicating disbursement for the relevant periods.

23. The Debtor has the continuing obligation to execute tax returns and post-confirmation returns.

24. The Debtor shall serve a conformed copy of this Order upon the Office of the United States Trustee, all creditors, equity holders and counsel of record, and other parties in interest.

25. Pursuant to 11 U.S.C. § 1141(d)(5)(A), after notice and a hearing, the Debtor shall be discharged from all pre-Confirmation debts except as it provided in the Plan, pursuant to the procedures set forth herein, upon completion of all payments required under the Plan. Within sixty (60) days after satisfaction of all payments required under the Plan, the Reorganized Debtor shall file a *Final Report of Estate and Motion for Final Decree Closing Case* on the Court approved local form.

**26. Except as otherwise expressly provided in the Plan, this Order or a separate order of the Court, all Persons who have held, hold or may hold Claims against the Debtor, are permanently enjoined, on and after the Effective Date, from (i) commencing or continuing in any manner any action or other proceeding of any kind with respect to any such Claim, (ii) enforcing, attaching, collecting or recovering by any manner or means of any judgment, award, decree or order against the Debtor on account of any such Claim, (iii) creating, perfecting or enforcing any Lien or asserting control of any kind against the Debtor or against the property or interests in property of the Debtor on account of any such Claim, and (iv) asserting any right of setoff, subrogation or recoupment of any kind**

against any obligation due from the Debtor or against the property or interests in property of the Debtor on account of any such Claim.

27. **Upon the entry of this Order with respect to the Plan, all holders of Claims and other parties in interest, along with their respective present or former employees, agents, officers, directors, or principals, shall be enjoined from taking any actions to interfere with the implementation or consummation of the Plan, except with respect to actions any such entity may take in connection with the pursuit of appellate rights.**

28. In accordance with Local Rule 3022-1, the Debtor shall also file the Local Form, *Notice of Deadline to Object to: Debtor's Statements re: 11 U.S.C. § 522(q)(1) Applicability, Payment of Domestic Support Obligations and Applicability of Financial Management Course and Statement Regarding Eligibility to Receive a Discharge* (the "**Local Rule 3022-1(B) Notice**"), not later than sixty (60) days after the Effective Date.

29. After all contested matters have been resolved, the Debtor can seek to administratively close the case without prejudice to reopening the case upon satisfaction of all payments under the Plan at which time the Debtor can obtain an Order of Discharge.

### # # #

**SUBMITTED BY:**

**MICHAEL A. KAUFMAN, P.A.**
*Attorney for Debtor*
Michael A. Kaufman, Esquire
Florida Bar Number: 0628042
1655 Palm Beach Lakes Boulevard, Suite 1012
West Palm Beach, Florida 33401
michael@mkaufmanpa.com – Email
561-478-2878 - Telephone
561-584-5555 - Facsimile


Michael A. Kaufman, Esq. is directed to serve a copy of this Order upon all interested parties.