

**ORDERED in the Southern District of Florida on February 11, 2015.**

Paul G. Hyman, Jr.
**Chief United States Bankruptcy Judge**

_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**West Palm Beach Division**
www.flsb.uscourts.gov

In re:                                                             Case No.: 13-31138-PGH
                                                                    Chapter 11
Eugenia L. Cannavo,

              Debtor            /

**ORDER GRANTING DEBTOR'S MOTION TO TEMPORARILY CLOSE INDIVIDUAL CHAPTER 11 BANKRUPTCY CASE PRIOR TO ENTRY OF ORDER OF DISCHARGE**

**THIS CAUSE** came on before the Court on February 10, 2015 at 9:30am, upon the Debtor's Motion to Temporarily Close Chapter 11 Bankruptcy Case Prior to Entry of Order of Discharge (the "Motion"), and the Court, having heard arguments of counsel, noting that the Debtor will file all required Post-Confirmation Quarterly Operating Reports and represented that all United States Trustee quarterly fees have been paid pursuant to 28 U.S.C. § 1930 or will be paid prior to the entry of this Order, and being otherwise duly advised in the premises, **ORDERS** as follows:

F0129792v2                                              1

1. The Motion is **GRANTED** as provided herein.

2. This bankruptcy case shall be closed upon entry of this Order, without prejudice to the Debtor filing a motion to reopen this bankruptcy case upon the satisfaction of all payments required under the Debtor's Second Amended Plan of Reorganization [DE #115] (the "Plan") to Class two and nine creditors and seeking the entry of an Order of Discharge at that time.

3. During the time that this bankruptcy case is temporarily closed, the provisions of this Court's Order confirming the Plan, dated December 23, 2014 (DE # 148; the "Confirmation Order") shall remain in effect with respect to the treatment of creditor claims that existed as of September 3, 2013, the bankruptcy petition date, as long as the Debtor continues to be in compliance with the Plan and the Confirmation Order, and as long as the Debtor timely makes all of the payments to Class two and nine creditors, as contemplated under the Plan.

4. If and when the Debtor chooses to file a motion to reopen this bankruptcy case, any Clerk of Court fees associated with the filing of the motion to reopen shall be waived. The motion to reopen shall be served upon all creditors, the United States Trustee, and parties in interest, and shall demonstrate and verify that the Debtor has made all of the payments contemplated under the Plan to Class two and nine creditors.

5. Upon the re-opening of this bankruptcy case, the Debtor shall promptly file a Final Report of Estate and Motion for Final Decree Closing Case on the Court-approved local form in effect at that time, which shall certify, among other things, that all payments required under the Plan to Class two and nine creditors have been made. The Court may then grant the Debtor a discharge, pursuant to 11 U.S.C. § 1141(d)(5) if all other conditions are satisfied.

6. The entry of this Order is also without prejudice to any creditor, the United States Trustee, or other party in interest in filing a motion to reopen this case to enforce the terms of the Plan, the Confirmation Order, or for other appropriate relief.

7. The Court retains jurisdiction to enforce any and all terms of the Plan, the Confirmation Order and this Order.

# # #

**SUBMITTED BY:**

**MICHAEL A. KAUFMAN, P.A.**
*Attorney for Debtor*
Michael A. Kaufman, Esquire
Florida Bar Number: 0628042
1655 Palm Beach Lakes Boulevard, Suite 1012
West Palm Beach, Florida 33401
michael@mkaufmanpa.com – Email
561-478-2878 - Telephone
561-584-5555 - Facsimile

Michael A. Kaufman, Esq. is directed to serve a copy of this Order upon all interested parties.

{1403/000/00085354}